IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAZAR ALTALIBI,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER REGARDING FORFEITURE<br><br>Case No. 2:22-CR-295-TS-JCB<br><br>District Judge Ted Stewart |

This matter is before the Court on the government's Motion for Forfeiture of Property[1] and Defendant's Motion to Enforce Plea Agreement.[2] For the reasons discussed below the Court will deny Defendant's Motion to Enforce Plea Agreement and schedule an evidentiary hearing on the government's Motion for Forfeiture.

I. BACKGROUND

Defendant was charged as one of multiple defendants in a 15-Count Superseding Indictment for his alleged involvement in a large-scale drug operation responsible for importing and distributing large amounts of α-PHP.[3] On February 6, 2025, Defendant pleaded guilty to two of the multiple counts with which he was charged in the Superseding Indictment: Conspiracy to Distribute α-PHP in violation of 21 U.S.C. §§ 841(a)(1) and 846; and Conspiracy

---

[1] Docket No. 478.

[2] Docket No. 484.

[3] A Second Superseding Indictment was filed on January 22, 2025, however the plea agreement references only the Superseding Indictment.

to Commit Money Laundering in violation of 18 U.S.C. § 1956(h).[4] As part of Defendant's plea agreement with the government (the "Plea Agreement"), he agreed that

> each of the items in Attachment A noted as belonging to [Defendant] . . . is subject to forfeiture because each is either (i) proceeds of, (ii) traceable to proceeds of, (iii) property that facilitated, and/or (iv) property involved in or traceable to property involved in, my drug trafficking and/or money laundering offense[.][5]

Immediately following the paragraph is a hand-written notation stating "and/or the items are subject to forfeiture as substitute assets."[6] He further agreed to forfeit "to the United States any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest challenge or appeal in any way such forfeiture, including the forfeiture of the property listed in Attachment A."[7]

Following Defendant's change of plea hearing, the government filed its Motion for Forfeiture of Property as to Mountazar Altalibi, wherein the government requests that the Court order the forfeiture of the specified assets included in Attachment A, a money judgment for $5,815,000, and "a specified substitute asset," which is real property located in Holladay, Utah.[8]

Defendant subsequently filed a Motion to Enforce Plea Agreement,[9] seeking to exclude the money judgment from the forfeiture order on the basis that the Plea Agreement did not reference or provide for a money judgment. Defendant also filed a Response to the

---

[4] Docket No. 401.

[5] *Id.* at 5.

[6] *Id.*

[7] *Id.* at 7.

[8] Docket No. 478, at 1.

[9] Docket No. 484.

government's Motion for Forfeiture opposing the amount of the forfeiture money judgment sought by the government.

## II.  DISCUSSION

a. *Motion to Enforce Plea Agreement*

"Where the Government obtains a guilty plea which is predicated in any significant degree on a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled to maintain the integrity of the plea."[10] The Tenth Circuit employs a two-step analysis in determining whether the government violated its plea agreement with a defendant: first, "the sentencing court should . . . examine the nature of the promise," and second, it should "evaluate the promise in light of the defendant's reasonable understanding of the promise at that time of the guilty plea."[11]

"In interpreting a plea agreement, [courts] rely on general principles of contract law, and therefore 'look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea.'"[12] In so doing, the Court "construe[s] any ambiguities against the government as the drafter of the agreement."[13]

Defendant argues that the government has no basis to seek a forfeiture money judgment because such was not included in the plain terms of the Plea Agreement. In support of his argument, Defendant points the Court to the "express" and "precise" language wherein "the

---

[10] *United States v. Stemm*, 847 F.2d 636, 637 (10th Cir. 1988).

[11] *United States v. Guzman,* 318 F.3d 1191, 1195–96 (10th Cir. 2003).

[12] *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212–13 (10th Cir. 2008) (quoting *United States v. VanDam*, 493 F.3d 1194, 1199 (10th Cir. 2007)).

[13] *Id.* at 1213.

specific items/property which [Defendant] forfeited[,]" including "[j]ewelry, . . . purses, a home, vehicles, and business lots" are described.[14] The items specified as subject to forfeiture do not include a money judgment.

In opposition, the government argues that the $5,815,000 money judgment is "the amount that the [government] can prove by the preponderance of the evidence that Defendant obtained from the criminal offenses to which he pled guilty."[15] The government asserts that a money judgment is necessary to forfeit the residence in Holladay, Utah, "because only $91,812 . . . of that property's equity is traceable to the Defendant's offenses."[16] The government goes on to explain that it "seeks to forfeit the remainder of that property's equity as a substitute asset to satisfy the money judgment,"[17] and further explains that it will not seek to enforce the money judgment in an amount exceeding the value of the forfeited items.[18] The government argues that "[n]othing in the plea agreement prohibits or dictates the methods or means the United States can use to forfeit the property subject to the agreement."[19]

Regarding forfeiture, the Plea Agreement states, among other things, that Defendant agrees to the forfeiture of "any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment . . . and will not contest, challenge, or appeal in any way such forfeiture, including the

---

[14] Docket No. 532, at 6.

[15] Docket No. 515, at 2.

[16] *Id.*

[17] *Id.* at 2–3.

[18] This representation is not included in the Motion for Forfeiture. The government asserts it has proposed language to Defendant to make this clear, but Defendant has rejected it.

[19] Docket No. 515, at 3.

property listed in Attachment A."[20] The plain language of the plea agreement therefore does not limit the forfeiture to that listed in Attachment A, but also includes the property noted as subject to forfeiture in the indictment.

The Indictment,[21] Superseding Indictment,[22] and Second Superseding Indictment[23] in this case all include a "Notice of Intent to Seek Forfeiture," which states in relevant part that defendants shall forfeit (1) "any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of" any offense violating 21 U.S.C. § 841; and (2) "any property . . . involved in . . . violations [of 18 U.S.C. § 1956(h)], and any property traceable to such property."[24] The notice goes on to state that the property to be forfeited is "detailed in, *but not limited to*, that listed in" an attachment to the respective indictments.[25]

Based on this language, the plea agreement appears to contemplate that the government may seek forfeiture of property not specified in "Attachment A," if the property is traceable to a violation of provisions of law to which Defendant pleaded guilty.

---

[20] Docket No. 401, at 7. The plea agreement further states that Defendant: acknowledges that this property is subject to forfeiture; Defendant consents to entry of any orders, judgments, or declarations of forfeiture regarding such property and waives certain notice requirements; agrees not to claim the property or oppose the forfeiture, or help anyone else to do so; waives any claims he has against the government regarding forfeiture of the property; and waives any constitutional or statutory challenges to forfeiture.

[21] Docket No. 1.

[22] Docket No. 193.

[23] Docket No. 365.

[24] Docket No. 1, at 9; Docket No. 193, at 16; Docket No. 365, at 15.

[25] Docket No. 1, at 10 (emphasis added); Docket No. 193, at 16 (emphasis added); Docket No. 365, at 15 (emphasis added).

In *United States v. Alamoudi*,[26] the Fourth Circuit held that the government had not breached its plea agreement when it sought forfeiture of substitute assets not listed in the plea agreement where "nothing in [the] plea agreement or consent order expressly prohibit[ed] the [g]overnment from seeking forfeiture of substitute assets at all," and the relevant agreements had not "implicitly waive[d] or limit[ed] the [g]overnment's right to seek forfeiture of substitute assets."[27] Similarly, here, the Court finds no promise in the Plea Agreement that limits the right of the government to seek a money judgment. The promises made by the government stated in the Plea Agreement include that the government agrees Defendant will receive a sentence of 96 months imprisonment to be followed by five years of supervised release under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and to move for leave to dismiss the remaining counts of the Indictment against Defendant at sentencing.[28] There are no implied or explicit promises included in the Agreement that limit the government's ability to seek forfeiture as allowed by law, or that otherwise preclude the government from seeking a money judgment.

The government seeks forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1). Section 853(a)(1) provides that a person convicted of one of the crimes Defendant has pleaded guilty to "*shall* forfeit to the United States . . . any property constituting, derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." The statute goes on to instruct that "[t]he court, in imposing sentence on such person, *shall* order, in addition to any other sentence imposed pursuant to [the applicable subchapter] that the person forfeit to the United States all property described in this subsection."[29] In interpreting this statute, the

---

[26] 452 F.3d 310 (4th Cir. 2006).

[27] *Id.* at 313.

[28] Docket No. 401, at 5–6.

[29] 21 U.S.C. § 853(a) (emphasis added).

Supreme Court has explained: "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied, or broader words to define the scope of what was to be forfeited."[30]

While the statute does not reference a money judgement, circuit courts, including the Tenth Circuit, "have uniformly recognized that money judgments representing the unlawful proceeds are appropriate."[31]

> [T]here are two primary reasons for permitting money judgments as part of criminal forfeiture orders. First, criminal forfeiture is a sanction against the individual defendant rather than a judgment against the property itself. Because the sanction follows the defendant as a part of the penalty, the government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction. Second, permitting a money judgment, as part of a forfeiture order, prevents a defendant from ridding himself of his ill-gotten gains to avoid the forfeiture sanction.[32]

Considering the relevant portions of the Plea Agreement, the Indictment, and Superseding Indictments, and the broad language of the forfeiture statute, the Court finds that the first step of the Tenth Circuit's directed inquiry—"the nature of the promise"—cuts against Defendant's suggested interpretation. As discussed, the plain language of the Plea Agreement provides that Defendant agrees to forfeit the property sought in the indictment. The Indictment and Superseding Indictments plainly state that the government will seek "proceeds the person obtained" directly or indirectly from the charged offense. Further, the relevant forfeiture statute, noted above, does not suggest the government would otherwise be precluded from seeking a

---

[30] *United States v. Monsanto,* 491 U.S. 600, 607 (1989).

[31] *United States v. McGinty*, 610 F.3d 1242, 1246–47 (10th Cir. 2010) (collecting cases) (reversing district court's refusal to enter a money judgment).

[32] *Id.* (quoting *United States v. Hall,* 434 F.3d 42, 59 (1st Cir. 2006)).

money judgement. Finally, the Plea Agreement does not include any express or implied language suggesting that the government promised to limit its forfeiture efforts.

For these same reasons, the second step of the inquiry—an evaluation of the promise in light of the defendant's reasonable understanding of the promise at that time of the guilty plea—draws the same conclusion. Defendant has not presented evidence that the parties' plea negotiations included express promises by the government to limit its forfeiture in some way.[33] Nor has he provided other evidence outside the language of the plea agreement suggesting Defendant had an alternate understanding of the intended forfeiture. Defendant cites to an email in which the government stated that the 96-month offer includes "forfeiture of ALL property listed in the superseding indictment" and that the government would not "separate[e] the forfeiture from the guilty plea."[34] However, as noted, the Indictment and Superseding Indictments note that the government would seek forfeiture of all property and proceeds traceable to the charged conduct, not limited to the specific items listed therein. Defendant also references an integration clause included in the Plea Agreement. However, the integration clause also cuts against Defendant's interpretation as Defendant's interpretation would have the Court read limitations into the Agreement that are not plainly stated.

Based on the above analysis, the Court finds that the express language in the Plea Agreement supports that the nature of the government's promise and Defendant's reasonable

---

[33] *See e.g., In re Arnett*, 804 F.2d 1200, 1202 (11th Cir. 1986) (finding that the government breached its agreement by seeking forfeiture of the defendant's farm when, although it was not expressly stated in the agreement, during plea negotiations, the attorney for the government stated "that the only forfeiture sought by the government was the $3,000 on [the defendant's] person at the time of his arrest" and, when the defendant's attorney "specifically asked about the farm, [the attorney for the government] responded that the United States Attorney's office had 'no interest' in the farm," and this representation was material to the defendant's decision to accept the plea agreement).

[34] Docket No. 484, at 4.

understanding of that promise did not include an intent to limit the government from seeking the forfeiture identified in the Indictment and Superseding Indictments or the methods by which it would seek such forfeiture. Accordingly, the Court will deny Defendant's Motion to Enforce Plea Agreement.

In its Response, the government argues that Defendant has breached the Plea Agreement through certain conduct related to forfeiture. Defendant's Reply argues that Defendant has not breached the Plea Agreement. Because there is not a motion before the Court related to a breach of the Plea Agreement by Defendant, the Court will not consider the related arguments. If the government wishes to bring a motion to invalidate the Plea Agreement based on Defendant's purported breach, the motion must be brought separately, not in a response.

### b. Motion for Forfeiture

In response to the government's Motion for Forfeiture, Defendant argues that the government cannot demonstrate it is entitled to a money judgment of $5,815,000, and challenges evidence provided in the government's Motion. The government's Reply first argues that the Court should "either ignore [Defendant's nexus challenges to the forfeiture motion] as prohibited and/or waived by the plea agreement or use it as a basis to terminate the plea agreement."[35] As noted above, if the government wishes the Court to either enforce the Plea Agreement against Defendant or to invalidate the Plea Agreement, it should file a motion requesting such.

The government's Reply also provides additional evidence in response to the arguments raised in Defendant's response. Defendant argues the additional evidence should be stricken or, in the alternative, Defendant should be allowed to file a sur-reply to respond to the newly presented evidence.

---

[35] Docket No. 548, at 2.

Federal Rule of Criminal Procedure 32.2 provides that, "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."[36] "If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty."[37]

Because the amount of the money judgment is contested, the Court finds it prudent to schedule the matter for an evidentiary hearing. Having reviewed the briefing for Defendant's Motion to Strike or in the Alternative Motion for Leave to File Surreply, the Court declines to strike the government's Reply, but will permit Defendant to file a sur-reply within 14 days of this order.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Enforce Plea Agreement (Docket No. 484) is DENIED. It is further

ORDERED that Defendant's Motion to Strike or File Surreply (Docket No. 561) is GRANTED in part. Defendant may file a surreply within 14 days of this order.

DATED this 4th day of November, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[36] Fed. R. Crim. P. 32.2(b)(1)(A).
[37] *Id.* 32.2(b)(1)(B).